```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  PIO S. KIM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California State Bar No. 156679
 7       United States Attorney's Office
         U.S. Courthouse, Suite 1400
 8       312 N. Spring St.
         Los Angeles, CA 90012
 9       Telephone: (213)894-2589
         Facsimile: (213)894-7177
10       E-mail: Pio.Kim@usdoj.gov

11  Attorneys for Plaintiff
    United States of America
```

NOTE: CHANGES MADE BY THE COURT

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. CV 10-01863-RGK (VBKx) |
|---|---|
| Plaintiff, | ) [~~proposed~~] |
| | ) CONSENT JUDGMENT |
| v. | ) |
| $265,878.21 IN BANK FUNDS, | ) |
| Defendant. | ) |

On March 15, 2010, plaintiff United States of America (the "government") filed the Complaint for Forfeiture in this action, seeking forfeiture of the defendant $265,878.21 in Bank Funds pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984. Claimant New Star Wholesale, Inc. dba New Star Toys and Gifts, Inc. ("New Star") denies the government's allegations and claims that it is the rightful owner of the defendant.

The parties have agreed to settle this forfeiture action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES **AS BETWEEN THESE PARTIES**:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states claims for relief pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984.

3. Notice of this action has been given as required by law. No appearance has been made in this action by any person other than New Star. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true, and hereby enters default against all other potential claimants.

4. For purposes of settlement, $150,000 of the defendant $265,878.21, together with any interest accrued thereon, shall be forfeited to the United States, which shall dispose of the same accordingly to law.

5. For purposes of settlement, the government shall return the remaining $115,878.21, together with any interest accrued thereon, to New Star. It is expected that said sum will be wire-transferred to the client trust account of the Law Offices of James S. Yan, within 6 weeks of the entry of this judgment. The Law Offices of James S. Yan shall provide the information necessary to effectuate the wire-transfer, including the account name and number, routing number and its tax identification number.

6. New Star hereby releases the United States of America, the State of California, all counties, municipalities and cities within

the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, the Internal Revenue Service and any of their employees and agents, from any and all, known or unknown, claims, causes of action, rights, and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest which may be now or later asserted by or on behalf of New Star, arising out of or related to this action or to the seizure or possession of the defendant.  New Star represents and agrees that it has not assigned and is the rightful owner of such claims, causes of action and rights.

7.  New Star hereby agrees to defend, indemnify and hold harmless the United States of America, the State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, the Internal Revenue Service and their employees and agents, from any and all, known or unknown, claims, causes of action, rights, and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest, raised or asserted by a third party in connection with or related to the release of $115,878.21 to New Star.

8.  The Court finds that there was reasonable cause for the seizure of the defendant and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

/ / /

9. The parties shall each bear their own attorney's fees and other costs and expenses of litigation.

DATED: October 22, 2010

_____/s/ Gary Klausner_____
UNITED STATES DISTRICT JUDGE

CONSENT

The parties consent to judgment and waive any right of appeal.

DATED: September 16, 2010

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____
PIO S. KIM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

NEW STAR WHOLESALE, INC.
DBA NEW STAR TOYS AND GIFTS, INC.

DATED: September 15, 2010

_____/s/_____
FREDDY YANG
President, New Star Wholesale, Inc.
dba New Star Toys and Gifts, Inc.

DATED: September 15, 2010

_____/s/_____
JAMES S. YAN
Attorney for Claimant
New Star Wholesale, Inc.
dba New Star Toys and Gifts, Inc.